**DONAHOE v. MORRIS et al.**

No. 11715—Opinion Filed Oct. 14, 1924.

### Appeal and Error—Questions of Fact—Conclusiveness of Judgment—Stolen Property—Action for Price.

In an action by a vendee to recover the

purchase price of personal property which the evidence shows was stolen, and where the evidence further shows that the defendant in the action was one of those through whose hands such stolen property passed, the only defense being based upon the second subdivision of the statute of frauds, which is inapplicable, the only issue presented in this court is one of fact, and where the finding and judgment of the trial court upon this issue of fact are reasonably sustained by the evidence, the judgment is conclusive.

(Syllabus by Logsdon. C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by J. M. Morris against P. L. Andre and J. L. Donahoe to recover the purchase price of a Ford touring car and certain expenses incurred by plaintiff. Judgment for plaintiff in the sum of $372,-10. The defendant J. L. Donahoe has brought the case here by petition in error with case-made attached, joining the plaintiff and the defendant, P. L. Andre. as defendants in error. Affirmed.

This action grew out of a transaction substantially as follows: In the summer and fall of 1917, P. L. Andre, an oil well driller, purchased a string of tools from J. L. Donahoe on credit, and was operating as a drilling contractor on a lease near Billings, Okla. In these operations he decided that he needed a Ford car, and J. L. Donahoe, to whom he was indebted for the string of tools and who was backing him financially, purchased for him a Ford touring car for which he paid the sum of $275, charging this amount to the account of P. L. Andre, and turned the car over to Andre. In October, 1917, Andre sold the car to the plaintiff, J. M. Morris, for $275. Shortly thereafter one George Tritshler indentified the car as one which had been stolen from him, and recovered the same in a replevin action. Immediately after the identification of the car by Tritshler, Morris, through his agent. caused a warrant of arrest to be issued against Andre, and the agent of Morris accompanied the sheriff to Billings to locate Andre. No arrest of Andre was made, but he was taken in the car with the sheriff and the agent of Morris to locate Donahoe and to assist in tracing back the various persons through whose hands the stolen car had passed. On finding Donahoe he requested the sheriff to let Andre return to his work and that he, Donahoe, would assume all responsibility. The parties thereafter went to Perry. Okla., to consult attorneys and to trace the car,

but the record nowhere discloses the results of these further investigations after Donahoe joined the sheriff and the agent of Morris. As before stated, the replevin action by Tritshler resulted in the taking of the car from Morris, and this action was brought by Morris against Donahoe and Andre jointly to recover the purchase price of the car, and the expenses incurred in defending the replevin action. Andre appears to have made no defense to the action while Donahoe's answer consisted of a general denial, and on the trial his defense was that he was not liable by reason of the provision of the second subdivision of the statute of frauds.

Cress & Tebbe, for, plaintiff in, error.

George W. Buckner and W. J. Otjen, for defendants in error.

Opinion by LOGSDON, C. This case presents no question of law to this court. although both sides have briefed it upon the theory that the second subdivision of the statute of frauds is involved. It is purely a fact case.

There is no conflict in the testimony. The car was stolen. Plaintiff in error was one of those through whose hands it passed. All persons concerned in the handling and transfer of stolen property are jointly and severally liable to any person injured thereby. The case was tried to the court without the intervention of a jury. and the court found that plaintiff in error was one of those through whose hands the stolen property passed, and rendered judgment accordingly. This finding and judgment are amply supported by the evidence.

The judgment of the trial court should be in all things affirmed.

By the Court: It is so ordered.